**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| STEPHANIE ROBINSON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:12-CV-450-JEM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and for Entry of Final Judgement [sic] Order [DE 27], filed by Plaintiff on June 4, 2014.

On March 28, 2014, the Court issued an Opinion and Order remanding this matter for further proceedings. On June 6, 2014, Plaintiff filed the instant Motion, seeking attorney's fees in the amount of $10,320.14 and costs in the amount of $20.40. On June 18, 2014, the Commissioner filed a response and on June 27, 2014, Plaintiff filed a reply and indicated that she was seeking payment for an additional $467.20 for the time Plaintiff's counsel spent preparing the reply brief.

**ANALYSIS**

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). Pursuant to 28 U.S.C. § 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must

satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)).

Plaintiff filed the instant fee application within the period in which to file a petition for fees. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G). By obtaining a remand, Plaintiff is considered a "prevailing party." *See Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). Further, Plaintiff's net worth does not exceed two million dollars. *See* 28 U.S.C. § 2412(d)(2)(B). The Commissioner does not argue that the rate requested or number of hours claimed are unreasonable, but argues that the position of the Commissioner was substantially justified.

In its March 28, 2014 Order, the Court remanded this matter for further administrative proceedings, finding that the ALJ failed to properly evaluate Plaintiff's seizure disorder in determining whether it met a Listing and failed to account for Plaintiff's mental and social limitations in his determination of her residual functional capacity ("RFC"). The Commissioner argues that her position was substantially justified since remand was primarily based on the need for further articulation by the ALJ, and that Plaintiff is therefore not entitled to EAJA fees.

In considering whether the Commissioner was substantially justified, the court is to analyze the "position of the [Commissioner,]" which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct. 28 U.S.C. § 2412(d)(2)(D); *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The trial court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski*, 382 F.3d at 724 (citing *Hallmark Constr.*, 200 F.3d at 1080). The court should evaluate the factual and legal support for the Commissioner's position throughout the entire proceeding. *See Hallmark Constr.*, 200 F.3d at 1080. A court need only make one determination regarding the Commissioner's conduct during the entire civil action. *Jean*, 496 U.S. at 159; *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). "[F]ees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigation position may have been substantially justified and vice versa." *Marcus*, 17 F.3d at 1036. The court must undertake a global analysis of the government's position because whether that position was substantially justified will rarely be decided by a single issue. *See Hallmark Constr.*, 200 F.3d at 1080.

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Golembiewski*, 382 F.3d at 724. Expanding on this definition, the United States Court of Appeals for the Seventh Circuit stated, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested

3

action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (quoting *Pierce*, 487 U.S. at 565). The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand. *See Pierce*, 487 U.S. at 568-69. The Commissioner bears the burden of proof in showing that his litigation position was substantially justified. *See Pierce*, 487 U.S. at 565; *Golembiewski*, 382 F.3d at 724.

The Court remanded this matter for two primary reasons, and the Commissioner now argues that both were mere errors of articulation. The Court will consider each in turn.

A.  Improper Evaluation of Plaintiff's Seizure Disorder

The Commissioner argues that the ALJ only committed an error of articulation in his failure to properly evaluate Plaintiff's seizure disorder because the Court did not explicitly find that the ALJ's determination that Plaintiff did not meet a listing was incorrect. Instead, the Court remanded to require the ALJ to obtain additional witness accounts. Plaintiff argues that the ALJ's failure to obtain witness accounts violated statutory and regulatory authority, going beyond a mere error of articulation.

When any error is contrary to clearly established statutory and judicial precedent, it is not substantially justified. *Golembiewski*, 382 F.3d at 724; *Stewart*, 561 F.3d at 684; *Eakin v. Astrue*, No. 09 CV 2823, 2011 WL 6156766, at *4 (N.D. Ill. Dec. 12, 2011). In this case, the Court concluded that the ALJ violated the Commissioner's own regulation, which requires that if a "professional observation is not available, it is *essential* that a description be obtained from a third party." SSR 87-6, 1987 WL 109184, at *3 (1987). Because the ALJ's duty to obtain such evidence is clearly outlined in SSR 87-6, his error was contrary to clearly established statutory and court precedent and the Commissioner's position was not substantially justified. *Golembiewski*, 382 F.3d

at 724. Furthermore, the ALJ's failure to obtain third-party witness accounts also constituted neglect of his duty to develop a full and fair record. *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000). When an ALJ fails to fully and fairly develop a record by omitting important evidence, the Commissioner's position is not substantially justified. *See Harris v. Barnhart*, 259 F.Supp.2d 775, 780 (E.D.Wis.2003); *Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 949 (E.D. Wis. 2003).

B.  Failure to Account for Plaintiff's Mental Limitations in her RFC

The Court found that the ALJ failed to create a logical bridge to his conclusion by failing to account for Plaintiff's mental and social limitations in the RFC. The Commissioner argues that the ALJ's failure was merely a deficiency in articulation. Plaintiff argues that an ALJ's failure to build a logical bridge was a failure of analysis, not merely a failure of articulation.

A failure to consider the effect of mental and social limitations on a Plaintiff's capacity to perform work is one of analysis, not articulation. *See, e.g., Kallio v. Astrue*, No. 2:07CV406-JVB, 2009 WL 2230861, *3 (N.D. Ind. Jul. 23, 2009) ("[T]he ALJ's failure to consider the functional limitations caused by the mental impairments and their effect on Plaintiff's RFC also serves as a basis for the Court to conclude that the Commissioner's position was not substantially justified."). Unlike the case relied on by the Commissioner, *Stein v. Sullivan,* 966 F.2d 317 (7th Cir. 1992), in which the ALJ considered all of the evidence but failed to explain that he had done so, in this case the ALJ failed to account for Plaintiff's limitations at all. This sort of failure to consider important evidence warrants a conclusion that the Commissioner's position was not substantially justified. *See Granger v. Astrue*, No. 1:06-CV-0213-LJM-WTL, 2008 WL 344531, *1 (S.D. Ind. Feb. 7, 2008).

Because the Commissioner's positions on the issues remanded by the Court were contrary to established law and without substantial justification, Plaintiff's counsel is entitled to reasonable fees pursuant to the EAJA.

**CONCLUSION**

For the foregoing, the Court hereby **GRANTS** Plaintiff's Motion for an Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act [DE 32] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $10,807.74 in fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED this 4th day of August, 2014.

    s/ John E. Martin
    MAGISTRATE JUDGE JOHN E. MARTIN
    UNITED STATES DISTRICT COURT

cc:    All counsel of record.